

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

November 29, 2016

The Honorable Abel Herrero
Chair, Committee on Criminal Jurisprudence
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0120

Re: Authority of a junior or community college to prohibit the carrying of concealed handguns in classrooms or other areas where minors attend class or are routinely present (RQ-0109-KP)

Dear Representative Herrero:

You seek an opinion on several questions relating to the authority of a junior or community college to prohibit the carrying of concealed handguns in classrooms or other areas where minors attend class or are routinely present.[1] Specifically, you ask:

> **Question 1:** Can a junior/community college prohibit handguns in the classrooms on the college campus, if minor children may attend classes in any or all of the classrooms on that campus?
>
> **Question 2:** May handguns be prohibited during special programs where minors will be present and in all areas where minors are expected to appear?
>
> **Question 3:** For programs that take place over several weeks and are directed at minors (e.g. College for Kids), may handguns be prohibited in all areas where minors may congregate?
>
> **Question 4:** May handguns be prohibited on campuses which offer childcare centers?

Request Letter at 2.

---

[1]*See* Letter from Honorable Abel Herrero, Chair, House Comm. on Crim. Jurisprudence, to Honorable Ken Paxton, Tex. Att'y Gen. at 2 (May 24, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Passed by the Eighty-fourth Legislature, Senate Bill 11 ("S.B. 11") amended provisions in chapter 411 of the Government Code and chapter 46 of the Penal Code. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 438, §§ 1–6, 2015 Tex. Gen. Laws 1723, 1723–26.[2] As added by S.B. 11, subsection 411.2031(b) of the Government Code expressly authorizes a license holder to carry a concealed handgun on the campus of an institution of higher education. *See* TEX. GOV'T CODE § 411.2031(b). Government Code subsection 411.2031(d–1) authorizes the president or other chief executive officer of an institution of higher education to "establish reasonable rules, regulations, or other provisions regarding the carrying of concealed handguns by license holders on the campus of the institution or on the premises located on the campus of the institution." *Id.* § 411.2031(d–1); *see also id.* (requiring the president or other chief executive officer to consult with students, staff, and faculty about the "nature of the student population, specific safety considerations, and the uniqueness of the campus environment"). Yet, subsection 411.2031(d–1) expressly prohibits the president or chief executive officer of an institution of higher education from establishing any "provisions that generally prohibit or have the effect of generally prohibiting license holders from carrying concealed handguns on the campus of the institution." *Id.*; *see also* Tex. Att'y Gen. Op. No. KP-0051 (2015) at 2 (concluding that "[i]f an institution prohibited the carrying of concealed handguns in a substantial number of classrooms, a court would likely conclude that the effect would be to 'generally prohibit' license holders from carrying concealed handguns on campus, contrary to the Legislature's express requirements"). Thus, as a junior or community college is subject to this provision, it may not adopt any rule or regulation that generally prohibits or has the effect of generally prohibiting a license holder from carrying a concealed handgun on campus. *See* TEX. GOV'T CODE § 411.2031(a)(2) (defining "institution of higher education" by reference to Education Code section 61.003), TEX. EDUC. CODE § 61.003(8) (defining "institution of higher education" to include a public junior college).

Your questions presuppose a different standard due to the presence of minors. Nothing in S.B. 11 expressly excepts from the concealed carry authorization areas of a campus of an institution of higher education in which minors may congregate. Relevant here, subsection 46.03(a) of the Penal Code generally prohibits a person from carrying firearms and other specified weapons on "the physical premises of a school or educational institution." TEX. PENAL CODE § 46.03(a); *see id.* § 46.01(3), (5) (defining "firearm" and "handgun"). Here, a "school or educational institution" is distinguished from an "institution of higher education" and does not include the premises of a community or junior college campus. *See* TEX. GOV'T CODE § 411.2031, TEX. EDUC. CODE § 61.003(8) (defining "institution of higher education" with definition that does not include primary or secondary schools); *see also* Tex. Att'y Gen. LO-92-42 at 2 n.2 (noting the term "school or educational institution" means a "public primary or secondary school or a primary or secondary private or parochial school"). This language of subsection 46.03(a) refers to the premises of particular schools without regard to the nature of the activity. *See* TEX. PENAL CODE § 46.03(a)(1). Thus, this part of subsection 46.03(a) does not operate to prohibit concealed handguns from the premises of a junior or community college campus.

---

[2]S.B. 11 is generally effective as of August 1, 2016. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 438, § 8(a), 2015 Tex. Gen. Laws 1723, 1726. For public junior colleges, it takes effect on August 1, 2017. *See id.* § 8(d).

Subsection 46.03(a) also prohibits a person from carrying firearms and other specified weapons on "any grounds or building on which an activity sponsored by a school or educational institution is being conducted." *Id.* § 46.03(a)(1). This language is limited, not by location, but rather by activity. *See id.* Such an activity is one sponsored by a school or educational institution, which again does not include an activity sponsored by a junior or community college. Unless the classes or special programs about which you ask are actually sponsored by a school instead of the community or junior college, this phrase similarly does not prohibit concealed handguns on a junior or community college campus. *Cf.* Request Letter at 1 (stating that "[m]any junior and community colleges" have early college high school programs). By its plain language, subsection 46.03(a)'s prohibition is based on premises and activities, not on the demographics of the people in those locations or on the people participating in those activities. *See Kia Motors Corp. v. Ruiz,* 432 S.W.3d 865, 869 (Tex. 2014) ("The plain language of a statute is the surest guide to the Legislature's intent.").

Moreover, by specifically excluding from the firearm and weapons prohibition in subsection 46.03(a)(1) the "premises of an institution of higher education or . . . any grounds or building on which an activity sponsored by the institution [of higher education] is being conducted," the Legislature clearly reiterated its intent to allow concealed handguns on college campuses. TEX. PENAL CODE § 46.03(a)(1)(B); *see also* TEX. GOV'T CODE § 411.2031(b) (authorizing a license holder to carry a concealed handgun on college campuses). Accordingly, while section 46.03 prohibits firearms and other weapons from certain locations at which minor children may be a predominant population, we cannot conclude the Legislature intended section 46.03 to impose a general prohibition against firearms and other weapons from a location, particularly college campuses, due to the mere presence of minors. This is especially true given that the Legislature has not prohibited in that section firearms in a number of locations where minors may congregate, such as shopping malls, movie theaters, museums, and music venues. *See* TEX. PENAL CODE § 46.03.

You raise Attorney General Opinion KP-0051, in which this office examined provisions of S.B. 11, to determine the extent to which an institution of higher education may prohibit the concealed carry of handguns on its campus. *See* Request Letter at 1. You tell us that your questions arise, in part, from statements in Opinion KP-0051. *See id.*; *see also* Tex. Att'y Gen. Op. No. KP-0051 (2015). As you point out, the opinion provided:

> As an example, some institutions of higher education have grade school classrooms on their campuses. Given that the Legislature made it a criminal offense to carry a firearm on the physical premises of such a school, rules regulating the carrying of concealed handguns in such grade school classrooms would be consistent with the Legislature's intent.

Tex. Att'y Gen. Op. No. KP-0051 (2015) at 1–2. This statement serves to illustrate the point that while S.B. 11 does not authorize an institution of higher education to enact rules that have the effect of generally prohibiting license holders from carrying concealed handguns on campus, it does allow such institutions to enact reasonable rules regarding certain types of classrooms and other areas in certain circumstances. *See id.*

Thus, generally speaking, a junior or community college may not categorically prohibit concealed handguns from the junior or community college campus. But as authorized by Government Code subsection 411.2031(d–1), the president or other chief executive officer of the junior or community college may establish rules, regulations, and other provisions that accommodate the unique nature of a particular campus provided that such rules, regulations, or provisions do not "generally prohibit or have the effect of generally prohibiting license holders from carrying concealed handguns on the campus of the institution." TEX. GOV'T CODE § 411.2031(d–1). Applying these principles to your specific questions, a junior or community college may not adopt a blanket prohibition against concealed handguns in all of its classrooms merely because minors may attend or be present in any or all classrooms. *See* Tex. Att'y Gen. Op. No. KP-0051 (2015) at 2. Nor may a junior or community college adopt a blanket prohibition against concealed handguns at all special programs simply because minors may be in attendance. Yet, a junior or community college is authorized to establish reasonable rules that take into account the "nature of the student population, specific safety considerations, and the uniqueness of the campus environment." TEX. GOV'T CODE § 411.2031(d–1). Such rules could prohibit concealed handguns in specific classrooms and campus areas at times where there may be a congregation of minors, as well as specific rooms where child-care services are provided, so long as those rules do not operate to "generally prohibit or have the effect of generally prohibiting license holders from carrying concealed handguns on the campus of the institution." *Id.*

## S U M M A R Y

Pursuant to amendments made to chapter 411 of the Government Code and chapter 46 of the Penal Code by Senate Bill 11 from the Eighty-fourth Legislature, a junior or community college may not categorically prohibit concealed handguns from the locations you identify due to the presence of minors. Under Government Code subsection 411.2031(d–1), the president or other chief executive officer of the junior or community college may establish reasonable rules, regulations, and other provisions regarding the carrying of concealed handguns by license holders that accommodate the unique nature of a particular campus provided that such rules, regulations, or provisions do not generally prohibit or have the effect of generally prohibiting license holders from carrying concealed handguns on the campus of the institution.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee